IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PASTOR FRED HARRIS, III, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 11-766 |
| | ) | |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| ATTORNEY GENERAL OF | ) | |
| PENNSYLVANIA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus (Doc. 9) filed by Pastor Fred Harris, III, ("Petitioner") be dismissed for failure to exhaust state court remedies. It is further recommended that a certificate of appealability be denied.

**II. REPORT**

Petitioner is a state pretrial detainee who has filed a federal habeas petition pursuant to the provisions of 28 U.S.C. § 2254.[1] (Doc. 9). In his petition, Petitioner indicates that he has been convicted of no crime. Id. at 1. Petitioner also indicates that his docket number in the state court system of Pennsylvania is MJ-10302-CR-000057-2011, in Westmoreland County,

---

[1] In addition to naming the Attorney General of Pennsylvania as a Respondent (which appears to be the result solely of the existence of a blank field on the form that Petitioner used to initiate this case), Petitioner also names God. (Doc. 9) at 1. As an initial matter, God is not a proper Respondent to this petition for writ of habeas corpus because he is not the immediate custodian of Petitioner's present physical confinement. See Rumsfeld v. Padilla, 542 U.S. 426, 434 - 35 (2004). Furthermore, even if Petitioner somehow were able to demonstrate that the Almighty were his immediate custodian, it is doubtful that this Court could serve process or exercise jurisdiction over Him. Cf. U.S. ex rel. Mayo v. Satan and his Staff, 54 F.R.D. 282 (W.D.Pa. 1971) (Weber, J.) (discussing the difficulties of asserting personal jurisdiction over Satan in the Western District of Pennsylvania).

1

Pennsylvania. Id. A review of the state criminal docket sheet for this case number reveals that on April 6, 2011, Petitioner was charged with burglary, criminal trespass, and criminal mischief, pursuant to 18 Pa. Cons. Stat. Ann. §§ 3502, 3502, and 3504, respectively.[2] Bond was set at $25,000.00. As of July 12, 2011, it does not appear that a preliminary hearing has been conducted.

A district court can dismiss a habeas corpus petition if it appears on the face of the petition that the petitioner is not entitled to relief. Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied 490 U.S. 1025 (1989). Additionally, it is well recognized that *sua sponte* dismissal of a petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, is proper when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . ."

Here, Petitioner concedes that he has not been convicted of the charges he now challenges, and a review of the state court docket sheet indicates that trial has not yet commenced. That said, state prisoners seeking habeas relief in federal court are required to exhaust available state court remedies. "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion requirement is not jurisdictional, it "should be strictly adhered to because it expresses respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." Landano v.

---

[2] Courts are permitted to take judicial notice of matters of public record, prior judicial opinions, and official court records. See, e.g., McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009); Carley v. Wheeled Coach, 991 F.2d 1117, 1126 (3d Cir. 1993) (citing Gov't of Virgin Islands v. Testamark, 528 F.2d 742, 743 (3d Cir. 1976)). Petitioner's state court docket sheet, the case number for which he cites in his petition, is clearly a matter of public record as well as an official court record.

2

Rafferty, 897 F.2d 661, 669 (1990). Moreover, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 (1973).

Petitioner's available state court remedies have not been exhausted. From a procedural perspective, he presently is awaiting trial on state charges, and must raise his defenses to those charges in the state courts and on appeal before he is entitled to seek relief in this court through a federal habeas petition. As such, this habeas petition should be dismissed, and certificate of appealability should be denied because jurists of reason would not find it debatable whether Petitioner is entitled to habeas relief. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000) (explaining standard for grant of a certificate of appealability where court does not address petition on the merits but on some procedural basis).

### III. CONCLUSION

For the reasons stated above, it is respectfully recommended that the instant petition be dismissed. It is further recommended that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report must be filed by August 5, 2011. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

s/Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

Dated: July 22, 2011

cc:
**PASTOR FRED HARRIS, III**
1021-2011
Westmoreland County Prison
3000 South Grande
Greensburg, PA 15601